## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ILLUMIDINE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:24-cv-00199-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), by and through their undersigned counsel, hereby answer the Complaint for Patent Infringement of United States Patent Nos. 10,881,249 and 11,375,853 (hereinafter, "Complaint") (Dkt. No. 1) filed by Plaintiff Illumidine, Inc. ("Illumidine") on March 19, 2024.

## GENERAL DENIAL

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Samsung specifically denies each and every allegation contained in Illumidine's Complaint. Samsung's reproduction of the headings set forth in the Complaint below are solely for the purpose of convenience and is not, and should not be construed as, an admission by Samsung that any allegation or other statement in the headings or paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted by Samsung. All allegations in Illumidine's Complaint,

1

including those in the headings, that Samsung does not expressly admit in this Answer are specifically denied.

## NATURE OF THE ACTION

1.    Samsung admits that Illumidine's Complaint purports to be a patent infringement action arising out of the alleged infringement of United States Patent Nos. 10,881,249 ("the '249 Patent") and 11,375,853 ("the '853 Patent") (collectively, "the Patents-in-Suit" and/or "Asserted Patents").  Samsung denies that there are any legal or factual bases for Illumidine's claims.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.    Samsung admits that the Complaint purports to request injunctive relief and monetary damages.  Samsung denies that there are any legal or factual bases for Illumidine's request for injunctive relief and monetary damages.   Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

3.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 3 of the Complaint.

4.    Paragraph 4 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Samsung responds as follows: Samsung denies the allegations set forth in Paragraph 4 of the Complaint.

5.    SEC admits that it is a corporation organized under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

6.    SEA admits that it is a wholly-owned subsidiary of SEC.  SEA admits that it is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

7.    SEA admits that it has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082; 2800 Technology Drive, Suite 200,  Plano, Texas 75074; and 6625 Excellence Way, Plano, Texas 75023.

8.    SEA admits that it may be served with process through its registered agent CT Corporation System.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.    Samsung admits that it sells various products in the United States and that SEA is a wholly owned subsidiary of SEC. Samsung denies that there are any legal or factual bases for Illumidine's claims that Samsung's devices infringe the Asserted Patents.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.    Samsung repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-9.

11.    Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Samsung responds as follows: Samsung admits that Illumidine's Complaint purports to be a patent infringement action arising under the Patent Laws of the United States, Title 35 of the United States Code.  Samsung denies that there are any legal or factual bases for Illumidine's claims.  Samsung further admits that Illumidine's Complaint purports to state claims of which the Court would have subject matter

jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).   Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.   Paragraph 12 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest that the Court has personal jurisdiction over Samsung.

13.   Paragraph 13 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest that the Court has personal jurisdiction over Samsung.  Samsung further states that, solely for the purposes of the present litigation, Samsung does not contest that venue is proper.  Regardless of Samsung's qualified admission that Samsung does not contest that venue is proper, Samsung reserves the right to move to transfer the present litigation in accordance with 28 U.S.C. § 1404(a). Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.   Paragraph 14 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest that the Court has personal jurisdiction over Samsung.  Samsung denies that it has infringed the Asserted Patents in this District or anywhere in the United States.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.   Samsung admits that SEA maintains an office at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that it has committed acts of infringement in this District and

from its Plano, Texas place of business.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 15.

16.    Samsung admits that the link is an authentic website and article used by Samsung. Samsung denies the allegations set forth in Paragraph 16 to the extent that the allegations mischaracterize the article.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 16.

17.    Paragraph 17 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest that venue is proper as to SEA pursuant to 28 U.S.C. §§ 1391(b)-(c).  Samsung denies that there are any legal or factual bases for Illumidine's claims that SEA has committed acts of infringement in this District or anywhere in the United States.  Regardless of Samsung's qualified admission that SEA does not contest that venue is proper as to SEA pursuant to 28 U.S.C. §§ 1391(b)-(c), Samsung reserves the right to move to transfer the present litigation in accordance with 28 U.S.C. § 1404(a).  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest that venue is proper as to SEC pursuant to 28 U.S.C. § 1391(c)(3).  Regardless of Samsung's qualified admission that SEC does not contest that venue is proper as to SEC pursuant to 28 U.S.C. §§ 1391(c)(3), Samsung reserves the right to move to transfer the present litigation in accordance

with 28 U.S.C. § 1404(a).  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.    Paragraph 19 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Samsung responds as follows: Samsung, solely for the purposes of the present litigation, does not contest personal jurisdiction as to SEC.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 19 of the Complaint.

### [SAMSUNG'S RESPONSE TO] ILLUMIDINE'S DEVELOPMENT OF THE PATENTED ACTIVE FOODWARE SYSTEM

20.    Samsung repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-19.

21.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 21 of the Complaint.

22.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 22 of the Complaint.

23.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 23 of the Complaint.

24.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 24 of the Complaint.

25.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 25 of the Complaint.

26.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 26 of the Complaint.

27.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 27 of the Complaint.

28.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 28 of the Complaint.

29.    Samsung admits that Dr. James Kramer, Ph.D. ("Dr. Kramer") purports to be the Applicant that filed Application No. 16/144,938 with the United States Patent and Trademark Office ("USPTO") which led to the issuance of the '249 Patent.  Samsung denies that the '249 Patent was duly and legally issued.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint, and therefore, Samsung denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 30 of the Complaint.

31.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore, Samsung denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Samsung admits that Dr. Kramer purports to be the Applicant that filed Application No. 17/140,795 with the USPTO which led to the issuance of the '853 Patent. Samsung denies that the '853 Patent was duly and legally issued.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint, and therefore, Samsung denies the remaining allegations set forth in Paragraph 33 of the Complaint.

### [SAMSUNG'S RESPONSE TO] THE ACCUSED PRODUCTS

34.    Samsung repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-33.

35.    Samsung admits that it sells, offers to sell, and/or advertises certain  Samsung Wi-Fi-enabled cooktops.  Samsung admits that it publishes materials on how to use the functionality related to various Samsung Wi-Fi-enabled cooktops.  Samsung admits that what purports to be: (i) **Exhibit A** (Samsung NE63*895*S User Manual); (ii) **Exhibit B** (Samsung NZ30A3060UK User Manual); (iii) **Exhibit C** (Samsung NZ36C3060UK User Manual); (iv) **Exhibit D** (Samsung NE63T8951SS Specification Sheet); (v) **Exhibit E** (Samsung NZ30A3060UK Specification Sheet); (vi) **Exhibit F** (Samsung NZ36K7880US Specification Sheet); (vii) **Exhibit G** (Dacor DTI36M977BB / DTI30M977BB User Manual); and (viii)

**Exhibit H** (Dacor DTI30M977BB/DA Specification Sheet) were attached to the Complaint. To the extent the Complaint mischaracterizes Exhibits A through H, Samsung denies the same. Samsung denies that its Wi-Fi-enabled cooktops infringe the Asserted Patents. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 36 of the Complaint.

37. Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39. Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40. Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the

product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 40 of the Complaint.

41.    Samsung admits that the Complaint purports to reference Samsung's authentic product and/or website materials. To the extent that the Complaint mischaracterizes the product and website materials, Samsung denies the same. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 41 of the Complaint.

42.    Samsung admits that it received Illumidine's e-mail on or about October 13, 2022. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 42 of the Complaint

**COUNT I:    [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,881,249**

43.    Samsung repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-42.

44.    Samsung admits that the application for the '249 Patent—Application No. 16/144,938—was filed with the USPTO on September 27, 2018. Samsung further admits that the '249 Patent was issued by the USPTO on January 5, 2021. Samsung denies that the '249 Patent was duly and legally issued. Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 44 of the Complaint.

45.    Samsung denies the allegations set forth in Paragraph 45 of the Complaint.

46.    Samsung denies the allegations set forth in Paragraph 46 of the Complaint.

47.    Samsung denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Samsung denies the allegations set forth in Paragraph 48 of the Complaint.

49.    Samsung denies the allegations set forth in Paragraph 49 of the Complaint.

50.    Samsung admits that what purports to be a Preliminary and Exemplary Claim Chart related to the '249 Patent was attached to the Complaint as Exhibit I.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 50 of the Complaint.

51.    Samsung denies the allegations set forth in Paragraph 51 of the Complaint.

52.    Samsung denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Samsung denies the allegations set forth in Paragraph 53 of the Complaint.

54.    Samsung admits that Illumidine identified the '249 patent  in certain communications  to Samsung in October of 2022.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55.    Samsung denies the allegations set forth in Paragraph 55 of the Complaint.

56.    Samsung denies the allegations set forth in Paragraph 56 of the Complaint.

57.    Samsung denies the allegations set forth in Paragraph 57 of the Complaint.

58.    Samsung denies the allegations set forth in Paragraph 58 of the Complaint.

59.    Samsung denies the allegations set forth in Paragraph 59 of the Complaint.

**COUNT II:    [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,375,853**

60.    Samsung repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1-59.

61.    Samsung admits that the application for the '853 Patent—Application No. 17/140,795—was filed with the USPTO on January 4, 2021.  Samsung further admits that the '853 Patent was issued by the USPTO on July 5, 2022.  Samsung denies that the '853 Patent was duly and legally issued.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 61 of the Complaint.

62.    Samsung denies the allegations set forth in Paragraph 62 of the Complaint.

63.    Samsung denies the allegations set forth in Paragraph 63 of the Complaint.

64.    Samsung denies the allegations set forth in Paragraph 64 of the Complaint.

65.    Samsung denies the allegations set forth in Paragraph 65 of the Complaint.

66.    Samsung denies the allegations set forth in Paragraph 66 of the Complaint.

67.    Samsung admits that what purports to be a Preliminary and Exemplary Claim Chart related to the '853 Patent was attached to the Complaint as Exhibit J.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 67 of the Complaint.

68.    Samsung denies the allegations set forth in Paragraph 68 of the Complaint.

69.    Samsung denies the allegations set forth in Paragraph 69 of the Complaint.

70.    Samsung denies the allegations set forth in Paragraph 70 of the Complaint.

71.    Samsung admits that Illumidine identified the '853 patent   in certain communications to Samsung in October of 2022.  Except as expressly admitted, Samsung denies the remaining allegations set forth in Paragraph 71 of the Complaint.

72.    Samsung denies the allegations set forth in Paragraph 72 of the Complaint.

73.    Samsung denies the allegations set forth in Paragraph 73 of the Complaint.

74.    Samsung denies the allegations set forth in Paragraph 74 of the Complaint.

75.    Samsung denies the allegations set forth in Paragraph 75 of the Complaint.

76.    Samsung denies the allegations set forth in Paragraph 76 of the Complaint.

### [ILLUMIDINE'S] JURY DEMAND

77.    The section of the Complaint titled "Jury Demand" sets forth Illumidine's demand for a jury trial, and therefore, no response is required.

### [ILLUMIDINE'S] PRAYER FOR RELIEF

12

78.    Samsung denies the underlying allegations of Illumidine's Prayer for Relief against Samsung, denies that Illumidine is entitled to any relief whatsoever, and requests that the Court deny all relief to Illumidine, enter judgment in favor of Samsung, and award Samsung attorneys' fees as the prevailing party in the action.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without admitting or acknowledging that Samsung bears the burden of proof as to any defenses, Samsung specifically alleges and asserts the following defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses, regardless of how such defenses are denominated below.   Samsung reserves all rights to raise additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Illumidine's Complaint fails to state a claim against Samsung upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Each and every claim of the Patents-in-Suit are invalid and unenforceable for failure to satisfy one or more requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, non-statutory obviousness-type double patenting and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

Samsung does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit, either literally or under the

Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271, willfully or otherwise. If the claims at issue are interpreted so broadly as to read on any accused product, Samsung has not infringed any such claim under the Reverse Doctrine of Equivalents. Samsung has not performed any act and is not proposed to perform any act in violation of any rights that validly belong to Illumidine.

### FOURTH AFFIRMATIVE DEFENSE
**(Not an Exceptional Case)**

Illumidine cannot prove that this is an exceptional case warranting attorneys' fees against Samsung under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### FIFTH AFFIRMATIVE DEFENSE
**(Limitation of Patent Damages)**

Illumidine's claims for damages, if any, against Samsung for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH AFFIRMATIVE DEFENSE
**(Territoriality)**

To the extent Illumidine's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq.*, including but not limited to § 271(a).

### SEVENTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel and Disclaimer)**

Illumidine's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the relevant patent applications resulting in the Patents-in-Suit and/or during the prosecution of related patent applications.

### EIGHTH AFFIRMATIVE DEFENSE
**(Equitable Defenses)**

Illumidine's claims are barred, in whole or in part, by reason of estoppel, unclean hands, acquiescence, patent misuse, waiver, inequitable conduct, and/or other equitable doctrines.

### NINTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

To the extent Illumidine does not have substantially all the rights or all the rights to the Patents-in-Suit, or to the extent the purported assignments of the Patents-in-Suit, if any, are defective for any reason, Illumidine lacks standing to bring this action.

### TENTH AFFIRMATIVE DEFENSE
**(Claim Preclusion)**

Illumidine's claims and remedies for alleged infringement of the Patents-in-Suit, if any, are barred, in whole or in part, by claim preclusion, issue preclusion, merger and bar, the doctrine of claim splitting, the *Kessler* doctrine, and/or any other preclusion doctrines.

### ELEVENTH AFFIRMATIVE DEFENSE
**(License Express or Implied and/or Patent Exhaustion)**

Illumidine's claims are barred, in whole or in part, by express or implied license and/or patent exhaustion.

### TWELFTH AFFIRMATIVE DEFENSE
**(No Injunctive Relief)**

Illumidine is not entitled to any injunctive relief at least because Illumidine has not met the requirements for obtaining injunctive relief, including, but not limited to the fact that Illumidine has not suffered and will not suffer irreparable harm due to Samsung's alleged conduct, and Illumidine has an adequate remedy at law.  Further, Illumidine's claims for injunctive relief are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Willful Infringement)**

Samsung has not engaged in any conduct that constitutes willful infringement that would otherwise entitle Illumidine to an award of enhanced damages under 35 U.S.C. § 284.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

Illumidine's claims are barred, in whole or in part, by the doctrine of prosecution laches due to an unreasonable and inexcusable delay in the prosecution of applications from which the '249 and/or '853 Patents issued and to which they claim priority.

### RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

Samsung expressly reserves the right to later assert and pursue further defenses in this action.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Samsung requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays that this Court enter judgment against Illumidine as follows:

(a)     A declaration that Samsung has not infringed the Asserted Patents, contributed to the infringement of the Asserted Patents, and/or induced others to infringe the Asserted Patents;

(b)     A judgment in favor of Samsung on all of its Affirmative Defenses;

(c)     A judgment in favor of Samsung denying Illumidine any relief whatsoever;

(d)     A judgment against Illumidine finding that the claims of the Asserted Patents are invalid and/or unenforceable;

(e)    A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Samsung its fees and expenses of litigation, including, but not limited to, attorneys' fees and costs;

(f)    A judgment dismissing Illumidine's Complaint against Samsung with prejudice; and

(g)    Such other relief as the Court shall deem just and proper.

Dated: July 15, 2024                    Respectfully submitted,

                                         */s/ Melissa R. Smith*
                                        _____
                                        Melissa R. Smith
                                        Texas Bar No. 24001351
                                        **GILLAM & SMITH, LLP**
                                        303 South Washington Avenue
                                        Marshall, Texas 75670
                                        Telephone: (903) 934-8450
                                        Facsimile:  (903) 934-9257
                                        Email: melissa@gillamsmithlaw.com

                                        *Attorney for Defendants*
                                        *Samsung Electronics Co., Ltd. and*
                                        *Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 15, 2024, a true and correct copy of the above and foregoing document was served on all counsel of record *via* the Court's CM/ECF system pursuant to Local Rule CV-5(a).

*/s/ Melissa R. Smith*
_____
Melissa R. Smith